IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Civil Action No. PX-15-0228 |
| PATRICIA YVONNE DIGGS, | * | |
| Defendant. | ****** | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion to Modify Conditions of Supervised Release or, in the Alternative, Correct Judgment. ECF No. 503. The matter is fully briefed, and a motions hearing was held on May 23, 2018. For the reasons stated below, Defendant's motion is DENIED.

**I.  BACKGROUND**

On April 3, 2017, the Grand Jury for the District of Maryland indicted Patricia Yvonne Diggs ("Diggs" or "Ms. Diggs") for Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1344. *See* ECF No. 346. After trial, the jury found Diggs guilty of the sole count pending against her. *See* ECF No. 373. Diggs was sentenced two days in prison (time served), followed by five years of supervised release with a special condition that she serve six months of home detention with location monitoring and six months of "intermittent confinement" in a Bureau of Prisons facility. *See* ECF No. 444.

At sentencing, the Court initially ordered Diggs to serve six months imprisonment followed by a term of supervised release, and made clear that this sentence is sufficient but not greater than necessary to achieve all purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

1

ECF No. 492 at 80:12–17; ECF No. 492 at 84:8–9; ECF No. 492 at 86:5–6.  It was at this point in the proceedings that Diggs, to use her words, "begged" to defer service of her prison term until after her daughter's high school graduation in May 2018.  ECF No. 492 at 83:4–16.  As grounds, Diggs noted that because her husband is serving a lengthy prison term for his role in masterminding the bank-fraud scheme in which Ms. Diggs had participated, she was left as the sole caretaker and provider for her daughter.  Ms. Diggs requested the deferral of her prison term so that she could ensure that her daughter's school tuition was paid and that her daughter graduated high school with minimal disruption.  ECF No. 492 at 83:4–16.  To accommodate this particular family need, the Court altered the sentence in form but not function and imposed the same six-month incarceration term as a special condition of supervised release with service of the prison term to begin after June 2018 (the date of her daughter's graduation).  *See* ECF No. 444.

Although Diggs today challenges the legality of imposing a period of confinement as a condition of supervised release, at sentencing Diggs remained mum as to this point.  In fact, neither the Government nor Diggs raised any concern about the propriety of imposing six months confinement as a condition of supervised release, least of all Ms. Diggs, because quite simply, she was getting the sentence she wanted and urged this Court to impose it.

After sentencing, Diggs also never moved to alter or amend her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  And although Diggs timely noted her appeal on the underlying conviction, she also never challenged any aspect of her sentence on appeal.[1]  Nor has she sought any relief via habeas corpus petition pursuant to 28 U.S.C. § 2255.

Instead, Diggs moved to modify her conditions of supervised release on April 13, 2018, asking that this Court substitute her confinement period with an additional six months of home

---

[1] The Fourth Circuit has affirmed Ms. Diggs' conviction. *See* ECF No. 520.

detention. *See* ECF No. 503. On May 21, 2018, Diggs supplemented her argument by asserting that the requested modification was warranted because the Court was without legal authority to impose intermittent confinement as a condition of supervised release. *See generally* ECF No. 512. On May 23, 2018, the Court held a motions hearing and thereafter ordered supplemental briefing. ECF No. 513. For the following reasons, the Court DENIES Defendant's motion.

## II. DISCUSSION

### A. Motion to Amend Conditions of Supervised Release

At the motions hearing, the Court denied Diggs' motion to modify supervised release conditions to substitute confinement in prison with home confinement based on "changed circumstances." ECF No. 513. The Court noted that no changed circumstances warranted such an amendment. To be sure, Diggs has done well on supervised release, but that is expected of her. Diggs simply provided no evidence that called into question the Court's initial determination that six months imprisonment was sufficient but not greater than necessary to achieve all purposes of sentencing.

At bottom, the hearing clarified that Diggs principally sought this modification to cure what she viewed as an "illegal" condition of supervised release, and maintained that the Court was without authority to impose six months confinement as a condition of supervised release.[2] She asks the Court to right this wrong by eliminating the confinement condition and substituting additional home detention in its place and pursuant to 18 U.S.C. § 3583(e)(2). *See* ECF No. 512 & ECF No. 515. Neither the law nor equity commands this result, and so the Court denies Diggs' motion.

---

[2] The Court notes, however, that at the hearing, Diggs offered to waive any challenge to the "illegality" of her sentence were the Court to grant her "work release" as a condition of her intermittent confinement.

3

By its plain terms, section 3583(e) permits the Court to modify conditions of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)." These particularly enumerated subsections of the sentencing statute direct the Court to consider:

| | |
|---|---|
| (a)(1) | the nature and circumstances of the offense and the history and characteristics of the defendant |
| (a)(2)(B) | . . . adequate deterrence to criminal conduct |
| (a)(2)(C) | the need for the sentence imposed . . . to protect the public from further crimes of the defendant |
| (a)(2)(D) | the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner |
| (a)(4) | the kinds of sentences [available] |
| (a)(5) | any pertinent policy statement – issued by the Sentencing Commission |
| (a)(6) | the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct |
| (a)(7) | the need to provide restitution to any victims of the offense. |

*See* 18 U.S.C. § 3583(e).

None of the enumerated factors set out in § 3583, however, allow the Court to modify supervision to correct a legal error. It is no surprise, therefore, that the vast majority of courts confronted with this issue have refused to endorse modification as the vehicle to correct errors of law. *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) ("Conspicuously absent from the list of relevant considerations is the legality of the condition. . . . [§ 3583(e)(2)] does not authorize the court to assess the lawfulness of a condition of release.") *See also United States v. Wilson*, No. 5:96-cr-30056-1, 2018 WL 563846, at *1 (W.D. Va. Jan. 25, 2018) ("Neither 18 U.S.C. § 3583(e)(2) nor § 3553(a) allows the court to modify a condition of supervised release

because it is illegal."); *United States v. Whitten*, No. 7:14CR00049, 2018 WL 1935872 (W.D. Va. Apr. 23, 2018) ("The Second, Fifth, Ninth, and Eleventh Circuits have held that § 3583(e)(2) cannot be used as a vehicle to challenge the legality or constitutionality of supervised release conditions.") (citing *United States v. McClamma*, 676 Fed. App'x. 944, 947 (11th Cir. 2017)).

This is for good reason. If a defendant believes her sentence is illegal, she has many opportunities to obtain relief. She may request correction of sentence within the fourteen days provided under Rule 35 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 35. She may also avail herself of "other procedures, such as a direct appeal under 18 U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255 to "challenge the legality of a condition of supervised release, as long as the requirements of those procedures have been met." *Lussier*, 104 F.3d at 35. However, to do so, a defendant must abide by procedural requirements available for each form of relief.

Importantly, courts have framed the timeliness of such challenges as invoking the court's jurisdiction to accord relief. Where, as here, a defendant does not seek relief within the above stated time frames and by one of the enumerated mechanisms, she divests this Court of jurisdiction to consider the error. In *United States v. McMahon*, No. 99-4239, 2000 WL 1039473, at *4 (4th Cir. July 28, 2000), for example, the United States Court of Appeals for the Fourth Circuit determined that a sentencing court was without jurisdiction to amend a purportedly illegal restitution pursuant to 18 U.S.C. § 3583. The Court reasoned that even though the original restitution order was in fact "illegal," in that the sentencing court was without authority to impose it, the sole mechanism for the district court to correct the error was on a motion brought pursuant to Rule 35. *McMahon*, 2000 WL 1039473, at *4. After the fourteen day period under Rule 35 expires, the Court made plain, "the only means of challenging an

illegal sentence is through direct appeal or . . . collateral attack under 28 U.S.C. § 2255." *Id.* Accordingly, the sentencing court lacked jurisdiction to modify the conditions of supervised release for the alleged illegality. *McMahon*, 2000 WL 1039473, at *4.

A number of lower courts have treated motions to modify illegal supervision conditions using the same analysis. In *Whitten v. United States*, 2018 WL 1935872, at *1, the defendant moved to modify multiple special conditions of his supervised release pursuant to § 3583(e)(2), arguing that the conditions were unconstitutionally vague. *Whitten*, 2018 WL 1935872, at *1. The sentencing court declined, finding that it lacked jurisdiction to entertain the motion and noting that the defendant "chose not to challenge his special conditions of supervised release on direct appeal or in a § 2255 motion." *Id.* at *4 (citing *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002)). Therefore, the defendant could not "use § 3583(e)(2) as a vehicle to raise legal and constitutional arguments." *Id.*

Similarly, in *Wilson*, the defendant moved to modify conditions of supervised release pursuant to § 3583(e)(2), arguing that a special condition concerning the defendant's right to remain in the United States was "illegal Judicial [sic] banishment" and "should be modified to remove that illegal condition." *Wilson*, 2018 WL 563846, at *1 (internal quotes omitted). In rejecting the motion, the court specifically reasoned that "[n]either 18 U.S.C. § 3583(e)(2) nor § 3553(a) allows the court to modify a condition of supervised release because it is illegal." *Id.*

Diggs' motion fares no better. It is a pure challenge to the illegality of the Court's special condition, a challenge which she had ample and multiple opportunities to mount and had chosen not to. ECF No. 512 & ECF No. 515. The Court further notes that Diggs at no point argues a six-month prison sentence – if imposed as the Court originally intended – is, in itself, unreasonable or greater than necessary to achieve the purposes of sentencing. Rather, most

6

charitably viewed, the pronounced sentence was imposed at Ms. Diggs' urging, and with her blessing, precisely because it would keep her home through her daughter's high school graduation. Now that Ms. Diggs' needs have been met, she seeks to capitalize on an error of law that accorded solely to her benefit. For the foregoing reasons, Diggs motion is DENIED.

### B. Amending Date for Intermittent Confinement

During the motions hearing held May 23, 2018, the Court orally ordered the intermittent confinement condition of Defendant's sentence suspended until the resolution of this issue. ECF No. 513. The Amended Judgement issued June 6, 2018, reflected that suspension. ECF No. 514. Because this issue is now resolved, the Court again modifies Defendant's special conditions to state that Diggs' intermittent confinement shall begin by September 4, 2018. All other conditions shall remain unchanged.

### III. CONCLUSION

Based on the foregoing, it is this 26th day of July, 2018, ORDERED by the United States District Court for the District of Maryland:

1. The Defendant's Motion to Modify Conditions of Supervised Release or, in the Alternative, Correct Judgment, ECF No. 503, BE, and the same hereby IS, DENIED;

2. The Clerk is direct to modify Defendant's judgment to reflect that the condition of intermittent confinement shall begin on or about September 4, 2018;

3. The Clerk is directed to transmit copies of this this Memorandum Opinion and Order to the parties.

| | |
|---|---|
| 7/31/2018 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |